## UNITED STATES of America, Plaintiff–Appellee,

v.

## Richard S. LEEPER, Defendant–Appellant.

### No. 88–3726.

United States Court of Appeals, Eleventh Circuit.

Sept. 29, 1989.

Barry Beroset, Laura E. Keene, Beroset & Keene, Pensacola, Fla., for defendant-appellant.

Stephen P. Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY, Circuit Judge, and ALLEN *, Senior District Judge.

PER CURIAM:

Convicted of making false material statements to a Grand Jury, 18 U.S.C.A. § 1623, defendant Richard S. Leeper received a sentence under the federal sentencing

---

* Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation.

guidelines which included a three-level enhancement pursuant to Guidelines § 2J1.3(b)(2) for substantial interference with the administration of justice. He contends on appeal that Section 2J1.3(b)(2) did not authorize the enhancement because the alleged interference with justice occurred *before* the crime and did not result from it. The Government now concedes that the specific enhancement decision of the district court should be reversed. Leeper's sentence is therefore vacated and the case remanded to the district court for resentencing.

In the fall of 1986, the Internal Revenue Service (IRS) began investigating Joseph Lamar Brazwell, a Gulf Power Company employee suspected of participation in an illegal kickback scheme. The IRS believed that Brazwell and a Gulf Power co-worker, John Matthews, arranged for defendant Richard S. Leeper to submit false invoices to Gulf Power for payment to REDCO, an electronics company where Leeper worked. Upon payment of the invoices, the three allegedly divided the proceeds. Matthews was questioned. He provided the IRS with information incriminating Brazwell and Leeper.

Around October 1987 and again in December 1987, IRS agents questioned Leeper about REDCO's records and his dealings with Brazwell. Each time, in statements ultimately proved to be false, he denied the kickback allegations and stated that all payments from REDCO to Brazwell were for legitimate business debts. These statements were inconsistent with Matthews's account of the scheme and the growing evidence against Brazwell.

In order to disprove Leeper's false statements and in anticipation of his expected similar lies when ultimately summoned before the Grand Jury, the IRS expended approximately 600 hours of investigation. Leeper's subsequent Grand Jury testimony was consistent with his earlier false statements. He was convicted for his perjury before the Grand Jury. He was sentenced to 18 months imprisonment, two years probation, a fine of $4,050, and ordered to pay $11,000 to the United States for one-half the estimated cost of imprisonment and supervised release.

The only question posed on appeal is whether the court could enhance Leeper's base offense level three levels for substantial interference with the administration of justice on the theory that he caused unnecessary waste of governmental resources. The answer turns on the correct application of Guidelines § 2J1.3(b). An appeal alleging an incorrect application of the sentencing guidelines is authorized under 18 U.S.C. § 3742(a)(2).

Guidelines § 2J1.3(b) states: "If the defendant's perjury or subornation of perjury substantially interfered with the administration of justice, increase by 3 levels." The United States Sentencing Commission's commentary focuses on "the unnecessary expenditure of substantial governmental or court resources." Guidelines § 2J1.3, Commentary, Application Note 1.

The Government certainly expended substantial resources in the 600 hours of investigation, probably caused by Leeper's false statements to the federal agents. Leeper, however, was not convicted of the falsehoods committed prior to his grand jury testimony. Therefore, the argument goes, this alleged waste of resources did not *result from* the "offense conduct." If Leeper had recanted his prior lies and testified truthfully when he appeared before the Grand Jury, the Government would still have expended the 600 hours of investigation prior to his testimony.

After oral argument of this case, Government counsel, at our request, consulted the Department of Justice to determine its position on this issue. We have now received a letter from counsel, reflecting the highest standards of professional conduct, conceding that defendant is correct in his interpretation of the Guidelines, and that the three-level enhancement under Section 2J1.3(b) of the Guidelines was incorrect. Portions of that letter read as follows:

> At the direction of the United States Department of Justice, I am taking this opportunity to inform the Court that the United States' position in the United States District Court was erroneous. Given the unique facts and circumstanc-

es of this case, pre-perjury investigative hours should not have been used as a basis for enhancement under the specific guideline provisions of Section 2(J)1.-3(b)(2). Thus, the United States would respectfully request this Court to reverse the specific decision of the trial court which enhanced the defendant's offense level by three levels due to the trial court's determination that the defendant's conduct substantially interfered with the administration of justice. It will be the intent of the United States in the trial court to argue that the pre-perjury investigative hours might properly be considered by the court as a basis for departure under Section 5(k)2.0 in that these pre-perjury investigative hours represent an aggravating circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the Sentencing Guidelines".

Since the issue has not been presented to us, we take no position as to whether the argument as to Section 5K2.0 can now be made or whether it has any merit. In view of the Government's present position as to Section 2J1.3(b) with which we agree, the three-level enhancement of Leeper's sentence is reversed and the case is remanded to the district court for such procedures as it may deem appropriate.

REVERSED and REMANDED.